**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**EDWARD COOK** **PLAINTIFF**

**v.** **CIVIL NO.: 1:13cv389-HSO-RHW**

**QUICKSPRAY, INC., PPG INDUSTRIES,
EDGEN MURRAY, ACCU-FAB AND CONSTRUCTION, INC.,
A/K/A ACCU-FAB MANUFACTURING, LLC, AKA
ACCU-FAB MANUFACTURING** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND SUPPLEMENTAL MOTION TO REMAND**

BEFORE THE COURT is Plaintiff Edward Cook's Motion to Remand [21] and Supplemental Motion to Remand [23]. Defendants PPG Industries ("PPG"), Quickspray, Inc. ("Quickspray"), and Accu-Fab Construction, Inc. ("Accu-Fab") have filed Responses. Defendant Edgen Murray ("Edgen") has joined in Quickspray's Response, and Plaintiff has filed a Reply. Having considered the Motions, the Responses and Reply, the pleadings, and relevant legal authority, the Court finds that Plaintiff's Motion to Remand [21] and Supplemental Motion to Remand [23] should be denied.

I. BACKGROUND

This suit involves personal injuries suffered by Plaintiff Edward Cook ("Plaintiff") arising out of an industrial accident which occurred in Moss Point, Mississippi, on April 10, 2012. Pl.'s Compl. [1-1] at 1. Plaintiff was employed by Global Employment Services, Inc. ("Global"), and was assigned to work at Accu-

Fab's facility as a temporary contract worker. *Id.* at 3, 5. Accu-Fab had entered into a "Contract Labor Agreement" with Global, which provided Global would:

> (a) Assume responsibility for the payment of wages to each of the employees furnished to [Accu-Fab].
> (b) Assume responsibility for the payment of payroll taxes and the collection of taxes from payroll for each employee furnished to [Accu-Fab].
> (c) Retain the right of direction and control over the management of Worker's Compensation claims, claim filing, and related procedures and statutory compliance with respect to employees furnished to [Accu-Fab].
> (d) Implement and comply with all appropriate state and federal laws relating to reporting, sponsoring, filing, and maintaining benefit and welfare plans and be solely responsible for providing benefit and welfare plans for employees provided to [Accu-Fab].
> (e) Perform drug testing of all employee's prior to being sent to [Accu-Fab] (if so desired).

Contract Labor Agreement [21-1] at p. 32.

Plaintiff's job at Accu-Fab's facility was to sandblast and spray a protective coating called "Amercoat" on large pipes. Pl.'s Compl. [1-1] at 3.[1] On the day of the accident giving rise to this suit, Plaintiff was working on a project that required coating large sections of pipe for Defendant Edgen. *Id.*; Aff. of Paul Bosarge [26-1] at p. 2. The work took place in the "blast yard," an area of the Accu-Fab facility which was segregated from other parts of the facility so as not to interfere with other projects. Pl.'s Compl. [1-1] at 3; Aff. of Bosarge [26-1] at p. 2. Plaintiff was filling a Quickspray hopper with the "Amercoat" coating when the material line connecting the pump to the spray gun ruptured. Pl.'s Compl. [1-1] at 3. Plaintiff was

[1] "Amercoat" is manufactured by Defendant PPG. Pl.'s Compl. [1-1] at 4.

then drenched with "Amercoat" from the pump and the fully loaded Quickspray hopper. *Id.*

On August 20, 2013, Plaintiff filed suit in the Circuit Court of Jackson County, Mississippi, alleging negligence and gross negligence claims against Defendants Quickspray, PPG, Accu-Fab, and Edgen, and products liability claims against Defendants Quickspray and PPG. Pl.'s Compl. [1-1] at pp. 7-11. The Complaint asserts that as a result of Defendants' tortious conduct, Plaintiff developed a silica-related lung disease. Defendant Quickspray filed a Notice of Removal [1] on October 8, 2013, arguing that the Court has subject matter jurisdiction based on diversity of citizenship because in-state Defendant Accu-Fab has been improperly joined, as it is exempt from liability under the "loaned servant" doctrine.[2] PPG and Edgen consented to the removal. PPG filed a Supplemental Notice of Removal [8] on October 15, 2013, arguing an alternative theory of improper joinder, namely that Accu-Fab has been improperly joined because it is not liable to Plaintiff under the "up-the-line" immunity doctrine. Plaintiff now seeks remand to state court.

---

[2] Plaintiff is a citizen of Alabama. Accu-Fab is the only Defendant that is considered a citizen of Mississippi, with its principal place of business in Pascagoula, Mississippi. Quickspray is a foreign corporation with its principal place of business in Ohio. PPG is a foreign corporation with its principal place of business in Pennsylvania. Edgen is a foreign corporation with its principal place of business in Louisiana.

## II. DISCUSSION

### A. Removal Standard

Congress has provided that a civil action brought in State court may be removed where a United States district court has original jurisdiction. 28 U.S.C. §1441(a). 28 U.S.C. § 1332 provides that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." *Id.* § 1332(a)(1). However, under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1332(b)(2).

### B. Improper Joinder

Where federal diversity jurisdiction would exist in the absence of an in-state defendant, a removing party can establish jurisdiction by demonstrating that the plaintiff improperly joined the forum defendant. *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014). To prove improper joinder, the removing party must show either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Where the removing party alleges a plaintiff's inability to establish a cause of action against the forum defendant, the Court must determine "whether

the defendant has demonstrated that . . . there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* A mere theoretical possibility of recovery will not preclude a finding that a forum defendant was improperly joined. *Lucien*, 756 F.3d at 793. The removing party bears the heavy burden of demonstrating improper joinder, and "any contested issues of fact and any ambiguities of state law must be resolved in favor of remand." *Id.*

When deciding whether a plaintiff has a reasonable basis for recovery, a district court typically performs a Rule 12(b)(6)-type analysis. *Smallwood*, 385 F.3d at 573. However, where a plaintiff has stated a claim but has "misstated or omitted discrete facts that would determine the propriety of joinder," the Court in its discretion may pierce the pleadings and conduct a summary inquiry. *Id.* Because Plaintiff's Complaint has omitted discrete facts that would assist the Court in determining whether the joinder of Accu-Fab was proper, the Court will conduct a summary inquiry to evaluate Plaintiff's possibility of recovery from Accu-Fab.

C. Analysis

Defendants have asserted two alternative theories under which the Motions to Remand should be denied. Both theories rest on the premise that Defendant Accu-Fab is a statutorily exempt employer under the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-1, *et seq.* ("MWCA"). The MWCA provides that "[t]he liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . ." Miss. Code

Ann. §71-3-9. Therefore, if Accu-Fab qualifies as Plaintiff's "employer" under the MWCA, Plaintiff has no possibility of recovery against Accu-Fab under a common-law negligence claim, as his exclusive remedy lies with the MWCA.

1. Defendants' Up-the-line Immunity Argument

Defendant PPG contends that Accu-Fab is statutorily immune from liability because workers' compensation immunity extends to general contractors for injuries sustained by its subcontractors' employees. In support of its argument, PPG cites the Mississippi Supreme Court decision in *Doubleday v. Boyd Construction Company*, 418 So. 2d 823 (Miss. 1982). In *Doubleday*, the Court held that a highway construction project general contractor that subcontracted a portion of the construction project and required the subcontractor to secure compensation benefits for its employees, became a statutory employer entitled to the protection of the exclusiveness of liability provisions of the MWCA. *Id.* at 826-27. In so holding, the Court relied on Miss. Code Ann. § 71-3-7. *Id.* at 825.[3] PPG urges that the same conclusion holds in this case and that Accu-Fab is immune from liability. PPG reasons that this is so because Accu-Fab, as a contractor, required Global to maintain workers' compensation insurance for employees such as Plaintiff.

---

[3] Miss. Code Ann. §71-3-7 provides "[e]very employer to whom this chapter applies shall be liable for and shall secure the payment to his employees of the compensation payable under its provisions. In the case of an employer who is a subcontractor, the contractor shall be liable for and shall secure the payment of such compensation to employees of the subcontractor, unless the subcontractor has secured such payment."

However, in order for Accu-Fab to be statutorily immune under this theory, PPG would have to establish that Accu-Fab was a prime or general contractor within the meaning of *Doubleday* and the MWCA. *Nash v. Damson Oil Corporation,* 480 So. 2d 1095, 1098 (Miss. 1985); *Falls v. Mississippi Power & Light Co.*, 477 So. 2d 254, 258 (Miss. 1985). The Mississippi Supreme Court in *Nash* clarified that a defendant could not be considered a statutory employer entitled to immunity simply because the defendant obligated a subcontractor to procure workers' compensation insurance. Rather, the inquiry focuses on whether the defendant "was the kind of 'contractor' contemplated by the statute." *Nash,* 480 So. 2d at 1098. Thus, it is not enough for PPG to simply argue that Accu-Fab is immune from tort liability because it required Global to procure workers' compensation insurance, or because Plaintiff alleged in his Complaint the existence of a "contractor and sub-contractor relationship." As *Nash* explained, a defendant can be a contractor in the general sense of the term without being a contractor within the meaning of the statute. *Id* at 1100. The inquiry turns on whether the "interest, use and activities with respect to the premises are wholly different in nature from those of one ordinarily considered a general or prime contractor- the sort of contractor . . . contemplated by *Doubleday*." *Id.* The Court need not resolve this question because it finds Defendant Quickspray's alternative argument requires denial of the Motions to Remand.

2. Defendants' Loaned Servant Immunity Argument

Defendant Quickspray argues that Plaintiff was a loaned servant of Accu-Fab at the time of the injury. Therefore, Plaintiff cannot maintain a common-law negligence action against Accu-Fab as Plaintiff's exclusive remedy lies with the MWCA. In Mississippi, an employee may be employed by more than one employer, and both employers can be entitled to immunity from common-law tort actions under the MWCA. *Northern Elec. Co. v. Phillips*, 660 So. 2d 1278, 1282 (Miss. 1995). This can occur "where a temporary employment agency assigns an employee to [that] employer and the employee performs the normal work of the second employer and is controlled and supervised by that employer." *Id.* Thus, if the Court determines that Plaintiff was a "loaned or borrowed employee . . . the only available remedy against [Accu-Fab] is workers' compensation and [Plaintiff] would be barred from bringing a common-law negligence claim against [Accu-Fab]." *Id.* at 1281.

Application of the loaned servant doctrine in the workers' compensation context is guided by three inquiries: "(1) whose work is being performed, (2) who controls or has the right to control the workman as to the work being performed, and (3) has the workman voluntarily accepted the special employment." *Quick Change Oil and Lube, Inc. v. Rogers*, 663 So. 2d 585, 589 (Miss. 1995). A review of the Complaint along with affidavits submitted by Defendants persuades the Court that Plaintiff was a loaned servant of Accu-Fab, which entitles Accu-Fab to statutory immunity. First, Plaintiff was performing solely the work of Accu-Fab, and was working with Accu-Fab tools and materials. Aff. of Bosarge [26-1] at p. 2.

Second, Accu-Fab production managers and other Accu-Fab personnel controlled and directed Plaintiff in the work he was performing, and had the right to discharge Plaintiff based on his work performance. *Id.* Finally, the pleadings and record indicate that Plaintiff voluntarily accepted the employment. Plaintiff had been working at the Accu-Fab facility for a period of five months after assignment there by Global. *Id.*; Pl.'s Compl. [1-1] at p. 3.

Plaintiff disputes his status as a loaned servant of Accu-Fab by arguing he was not performing the "normal work" of Accu-Fab. Plaintiff relies on the allegation contained in the Complaint that "Plaintiff's job assignment was not the normal work of Accu-Fab. Accu-Fab until the time of the Edgen contract, had not used Tideguard/Amercoat or the Quikspray [sic] pump before. Accu-Fab's normal business was the fabricating and manufacture of storage tanks for industrial purposes." Pl.'s Compl. [1-1] at p. 6. Defendant has presented evidence to disprove Plaintiff's assertion. According to Paul Bosarge, the President of Accu-Fab, "Accu-Fab operates a versatile fabrication shop with emphasis on structural steel, pipe and tank fabrication. . . . [P]ipe fabrication and coating is an integral part of Accu-Fab's expertise and Accu-Fab's normal work." Aff. of Bosarge [26-1] at p. 1-2. On the day of the injury, Plaintiff was spraying protective coating on pipes. Pl.'s Compl. [1-1] at p. 3. The fact that Accu-Fab may not have used this particular type of coating or pump before does not detract from a finding that Plaintiff was engaged in the normal work of Accu-Fab.

Because Plaintiff was a loaned servant of Accu-Fab, Accu-Fab is statutorily immune from Plaintiff's common-law negligence claims under the MWCA. Plaintiff's exclusive remedy against Accu-Fab lies with the MWCA. Therefore, Plaintiff has no reasonable possibility of recovery against Accu-Fab under state law, and Accu-Fab was improperly joined to this action. Accu-Fab should be dismissed, thereby vesting the Court with diversity jurisdiction over this case. The Motions to Remand should be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and Supplemental Motion to Remand should be denied, and Defendant Accu-Fab should be dismissed from this action.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion to Remand [21] and Supplemental Motion to Remand [23] filed by Plaintiff Edward Cook are **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendant Accu-Fab Construction, Inc. is **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 15th day of September, 2014.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE