IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWARD COOK** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:13cv389-HSO-RHW** |
| | § | |
| **QUICKSPRAY, INC., PPG** | § | |
| **INDUSTRIES, EDGEN MURRAY** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT
EDGEN MURRAY'S MOTION [104] FOR SUMMARY JUDGMENT**

BEFORE THE COURT is the Motion [104] for Summary Judgment filed by Defendant Edgen Murray ("Edgen"). Plaintiff Edward Cook has filed a "Notice of No Non-Frivolous Response" [122] to Edgen's summary judgment Motion [104]. The Court finds that Edgen has carried its initial summary judgment burden. As Plaintiff has submitted no response in opposition, the Court finds that Edgen's Motion [104] for Summary Judgment is well-taken and should be granted. Plaintiff's claims against Defendant Edgen will be dismissed.

I. BACKGROUND

A.  Factual Background

Edgen hired Accu-Fab and Construction, Inc. ("Accu-Fab") to perform coating work on steel pipes provided by Edgen. Mem. Supp. Mot. Summ. J. [105], at 1. Plaintiff alleges that he was working for Accu-Fab on April 10, 2012, when the hose to a pump Plaintiff was filling with coating material ruptured, spraying him with coating material under high pressure. Compl. [1-1], at ¶¶ 13–14. Plaintiff was then

sprayed with more coating material by a fellow crew member "in the confusion created by the incident." *Id.* at ¶16.  Plaintiff alleges that he developed a silica-related lunge disease and other physical conditions as a result of the incident. *Id.* at ¶47.

B.      Procedural History

On August 20, 2013, Plaintiff filed a Complaint in State court against Defendants Quickspray, Inc. ("Quickspray"), PPG Industries ("PPG"), Edgen, and Accu-Fab.  Compl. [1-1], at 1–12.  Plaintiff asserted products liability claims against Quickspray, the manufacturer of the pump, and PPG, the manufacturer of the coating material.  *Id.*  Plaintiff also raised negligence and gross negligence claims against Accu-Fab, Edgen, and Quickspray.  *Id.*

The suit was removed to this Court by Defendant Quickspray on the basis of diversity jurisdiction because the only in-state Defendant, Accu-Fab, was exempt from liability.  Not. of Removal [1].  Plaintiff moved for remand, but the Court found that Accu-Fab was improperly joined as a Defendant because it was statutorily immune from Plaintiff's common-law negligence claims under the Mississippi Workers' Compensation Act, Miss. Code Ann. § 71-3-1, *et seq.* ("MWCA").  Order [37], at 10.  Accordingly, the Court dismissed Plaintiff's claims against Accu-Fab, leaving Quickspray, PPG, and Edgen as the only remaining Defendants.  *Id.*

On October 15, 2015, each remaining Defendant filed a Motion for Summary Judgment, and PPG and Quickspray filed Motions to exclude Plaintiff's experts.

Plaintiff filed responses in opposition to the other Defendants' Motions, but filed a "Notice of No Non-Frivolous Response" [122] as to Defendant Edgen's Motion [104] for Summary Judgment [104].

## II.  DISCUSSION

A.   Legal Standard

Though Edgen's Motion [104] for Summary Judgment is unopposed, the Court may not automatically grant the Motion without first determining whether Edgen has carried its initial summary judgment burden.  *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) ("[A] district court may not grant a motion for summary judgment merely because it is unopposed.").

Summary judgment is appropriate where the "movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment carries the initial burden of "informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation omitted).

The Supreme Court has noted that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."  *Id.* at 323–24.

B.  Analysis

Plaintiff's negligence claim against Edgen is premised on the allegation that Edgen failed to use reasonable care in selecting Accu-Fab to perform the job and in supervising Accu-Fab in the use of "dangerous instrumentalities, procedures, and operations related to Amercoat and the Quickspray pump." Compl. [1-1], at ¶38. Plaintiff's prima facie negligence claim requires Plaintiff to establish (1) a duty owed by Edgen to Plaintiff, (2) breach of that duty, (3) causation, and (4) damages. *Rolison v. City of Meridian*, 691 So. 2d 440, 444 (Miss. 1997).

Edgen argues that it owed no duty to Plaintiff, who was the employee of an independent contractor, Accu-Fab. Under Mississippi law, in the rare circumstances when an employer is liable for the acts of an independent contractor, the duty does not extend to protect employees of the independent contractor, but is "designed to protect third persons." *Corban v. Skelly Oil Co.*, 256 F.2d 775, 780 (5th Cir. 1958) ("We have seen no case where the inherently dangerous doctrine has been extended so as to permit an employee of an independent contractor to recover from the principal for a breach of the non-delegable duty."). Nor can there be any vicarious liability for any negligence of Accu-Fab or its employees under Mississippi law. *Mississippi Power Co. v. Brooks*, 309 So. 2d 863, 866 (Miss. 1975) ("[T]he owner was not liable for injuries sustained by an employee of an independent contractor caused by the negligence of such independent contractor."). Because Edgen did not owe a legal duty to Plaintiff under Mississippi law, Plaintiff cannot make out a prima facie case of negligence against Edgen.

Even if Edgen owed a legal duty to Plaintiff to ensure that Accu-Fab was competent to perform the job in question, Edgen contends that Plaintiff cannot establish the element of breach. Edgen asserts that Accu-Fab possessed the expertise to perform the work, and Plaintiff has not offered evidence to the contrary. Mem. Supp. Mot. Summ. J. [105], at 4. Edgen points to the affidavit and deposition testimony of Mr. Paul Bosarge, President of Accu-Fab, to establish Accu-Fab's expertise and experience in performing coating work for twenty-two years. *Id.* at 2, 7. With no evidence before the Court that Accu-Fab was not competent to perform the work in question, Plaintiff's negligent hiring claim against Edgen fails on the element of breach.

Edgen also contends that it exerted no control over Accu-Fab's operations on the project, as confirmed by Mr. Bosarge, such that it cannot be held accountable for failing to supervise Accu-Fab. *Id.* at 13–14. Accu-Fab decided which pump to use and directly purchased the pump in question, with no input from Edgen. Dep. Bosarge [104-1], at 112–13; Purchase Order [104-4]. Edgen would come to the site to discuss scheduling, but had no direction over Accu-Fab's employees or safety guidelines and procedures. Dep. Bosarge [104-1], at 169–72, 225. With no evidence before the Court that Edgen had the capacity to exercise any supervisory authority regarding the project, Plaintiff's negligent supervision claim against Edgen cannot withstand summary judgment.

Edgen has carried its initial summary judgment burden to demonstrate the absence of any issues of material fact. Plaintiff has not submitted any contrary

5

evidence creating a dispute of material fact. The Court finds that, as a matter of law, based on the undisputed facts, Plaintiff cannot establish a negligence claim against Edgen.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Edgen Murray's Motion [104] for Summary Judgment is **GRANTED**.  Plaintiff's claims against Defendant Edgen Murray are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of November, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE